UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

-------------------------------------------------------
JASON TINSLEY,
       Petitioner,

v.

R.K. WOODS, Superintendent, Upstate
Correctional Facility,
       Respondent.
-------------------------------------------------------x

**MEMORANDUM DECISION**

08 CV 1332 (VB)

Briccetti, J.:

    Now pending before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated June 16, 2011 (Doc. #22) on petitioner Jason Tinsley's petition for a writ of habeas corpus. Magistrate Judge Davison recommended that the Court deny the petition. For the following reasons, the Court adopts the R&R as the opinion of the Court. The petition is denied and dismissed.

    A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those

portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 U.S. Dist. LEXIS 55034, at *1 (S.D.N.Y. July 21, 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it." Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The case was originally referred to Magistrate Judge Mark Fox for review pursuant to 28 U.S.C. § 636(b) on February 21, 2008. After Magistrate Judge Fox retired in July 2008, the case

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

was referred to Magistrate Judge Davison on January 12, 2009.[2]

The Court presumes familiarity with the factual and procedural background of this case.

Petitioner objects to the R&R for four reasons. First, he contends AEDPA is unconstitutional because it infringes upon the district court's Article III powers. Second, he questions whether the state court decision was an unreasonable application of and contrary to federal law and the facts presented. Third, petitioner asserts the state court erred by not permitting a full development of the record. And fourth, petitioner contends Magistrate Judge Davison erred by not holding a hearing for petitioner to substantiate his claims.

As a general matter, petitioner's objections are generalized objections reviewed for clear error. In an abundance of caution, the Court considers petitioner's fourth objection as sufficiently specific to warrant de novo review. Under the respective standards, the Court finds the R&R to be a correct application of the law, and the Court adopts it. Nonetheless, the Court will address each of petitioner's objections.

## I.     Constitutionality of AEDPA

Petitioner's argument that AEDPA is unconstitutional rests on Judge Nicholas G. Garaufis's decision in the Eastern District of New York in Figueroa v. Walsh, 2008 U.S. Dist. LEXIS 35845 (E.D.N.Y. May 1, 2008). In his opinion, Judge Garaufis observed that AEDPA's prohibition on the district court's reliance on any non-Supreme Court precedent, codified at 28 U.S.C. § 2254(d)(1), may constitute an unconstitutional infringement by Congress on the judiciary's power to adjudicate cases. Id., 2008 U.S. Dist. LEXIS 35845, at *19-26. In support

---

[2]  The case was referred by Judge Kenneth M. Karas, to whom this case was originally assigned. Between Magistrate Judge Fox's retirement and the reference to Magistrate Judge Davison, Magistrate Judge George A. Yanthis issued an order on one of petitioner's requests for discovery, as noted below.

of this, Judge Garaufis does not rely upon any holdings of any Courts of Appeals or district courts. Rather, he points out various non-binding opinions criticizing AEDPA. See Evans v. Thompson, 524 F.3d 1 (1st Cir. 2008) (Lipez, J., dissenting); Crater v. Galaza, 508 F.3d 1261 (9th Cir. 2007) (Reinhardt, J., dissenting from the denial of rehearing en banc and joined by Pregerson, Gould, Paez, and Berzon, JJ.); Davis v. Straub, 445 F.3d 908 (6th Cir. 2006) (Martin, J., dissenting, and joined by Daughtrey, Moore, Cole, and Clay, JJ.); Irons v. Carey, 505 F.3d 846, 854 (9th Cir. 2007) (Noonan, J., concurring); Lindh v. Murphy, 96 F.3d 856, 885 (7th Cir. 1996) (Ripple, J., dissenting, and joined by Rovner, J.); see also Lynn Adelman & Jon Deitrich, Saying What the Law Is: How Certain Legal Doctrines Impede the Development of Constitutional Law and What Courts Can Do About It, 2 Fed. Cts. L. Rev. 87 (Fall 2007); James S. Liebman & William F. Ryan, 'Some Effectual Power': The Quantity and Quality of Decisionmaking Required of Article III Courts, 98 Colum. L. Rev. 696 (May 1998).

No court has held AEDPA to be unconstitutional in reliance on any of these opinions. And no decision the Court could find has granted relief based upon the argument petitioner advances. Accordingly, the Court will not rely upon Judge Garaufis's dicta.

Even if AEDPA did impermissibly encroach upon the Court's power, petitioner has failed to demonstrate how this would affect his particular claims. He does not identify any decisions by any Courts of Appeals, federal district court, or state courts upon which the Court may not rely because of 28 U.S.C. § 2254(d)(1) that would support his arguments and necessitate granting his petition.

## II.   Reasonableness of the Application of Federal Law

Petitioner questions whether the state court decision was contrary to or an unreasonable application of relevant federal law or the facts presented. Petitioner does not identify federal law

or facts which were wrongly interpreted or relied upon by the state courts below or by Magistrate Judge Davison in his opinion. Because this is a generalized objection, the Court only examines the decisions for clear error. Under this standard, the Court sees no clear error in the application of federal law by the state court or by Magistrate Judge Davison.

### III. Development of Record By State Court

Petitioner next complains that the state court failed to provide petitioner with a hearing. Petitioner's appeal of the trial court's failure to do so was denied by the Appellate Division because his contention was not preserved for appellate review. The Appellate Division's affirmance of the guilty plea was based on a procedural determination which did not require further factual determinations. The record before the appellate court presumably included transcripts of the guilty plea. See People v. Tinsley, 820 N.Y.S.2d 305, 306 (2d Dep't 2006) ("In any event, the record demonstrates that the defendant's pleas of guilty were knowing, voluntary, and intelligent."). Similarly, the appellate court concluded that petitioner's claim that he asserted his innocence to the probation officer was unpreserved. Id. The state court having relied on an adequate and independent state procedural ground, habeas review by this Court is precluded. See Galdamez v. Keane, 394 F.3d 68, 77 (2d Cir. 2005); Fama v. Comm's of Corr. Servs., 235 F.3d 804, 810 n.4 (2d Cir. 2000). This objection is overruled.

In addition, petitioner points to no controlling Supreme Court precedent holding that it was an unreasonable application of federal law to fail to provide an opportunity to supplement the record where the appellate court relied upon a state procedural rule, and the appellate ruling states that the appellate court reviewed the record.

Furthermore, this argument was not included in the petition, nor did petitioner move to amend his petition. When a petitioner fails to raise a claim in his original petition and has not

sought leave to amend the petition to assert such a claim, the claim is not properly before the district court and provides no basis for challenging the magistrate judge's proposed findings on the claims raised in the petition. Nelson v. Smith, 618 F.Supp. 1186, 1191 n.5 (S.D.N.Y. 1985). "If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments." Abu-Nassar v. Elders Futures, 1994 U.S. Dist. LEXIS 11470 at *4 n.2 (S.D.N.Y. Aug. 17, 1994). Therefore, for this reason as well, the Court rejects petitioner's new claim concerning the development of the record.

## IV.    Failure of Magistrate Judge to Provide Hearing

Finally, petitioner argues that Magistrate Judge Davison should have provided him with an opportunity to substantiate his claim of ineffective assistance of counsel. Magistrate Judge Davison concluded the state court did not unreasonably apply Strickland v. Washington, 466 U.S. 668 (1984), in rejecting petitioner's ineffective assistance of counsel claim. Magistrate Judge Davison also rejected petitioner's claims regarding any conflict of interest by his attorney in state court.

A habeas petitioner is entitled to conduct discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief . . . ." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). Here, Magistrate Judge Yanthis denied petitioner's request to conduct discovery by order dated October 9, 2008. Later, by order dated January 7, 2009, Magistrate Judge Davison granted petitioner's request for a copy of his presentence report because it was "arguably germane" to his claim. The Court could find no request for a hearing before the Magistrate Judge in the record. Therefore, it was not clear error for the Magistrate Judge not to hold an evidentiary hearing. See

Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

As to petitioner's substantive claims, upon de novo review, the Court finds that the failure of the Magistrate Judge to hold a hearing was correct. The state court relied upon a state procedural rule for rejecting petitioner's appeals, and there is nothing that an evidentiary hearing would add that would help the Court's decision in this matter. In light of the state courts' disposition of this case on independent state law procedural grounds, this Court has no authority to upset his conviction under 28 U.S.C. § 2254.

## CONCLUSION

Upon the appropriate review of the record, the Court finds Magistrate Judge Davison's Report and Recommendation to be a clear and proper statement and application of the law. The Court therefore adopts the R&R as its decision, and the petition is denied and dismissed.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005); Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this ruling would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of the Court is instructed to close this case.

Dated: September 28, 2011
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge